NOT FOR PUBLICATION                                           (Docket No. 16)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____  :
                             :
JOSEPH O. CHAPMAN,           :
                             :
          Plaintiff,         :   Civil No. 05-3681 (RBK)
     v.                      :   **OPINION**
                             :
KATHERINE MACFARLAND, et al.,:
                             :
          Defendants.        :
_____  :

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Defendant Katherine MacFarland ("MacFarland") to dismiss the claims of Plaintiff pro se Joseph O. Chapman ("Plaintiff") against her. For the reasons set forth below, MacFarland's motion will be granted.

**I.   Background**

Plaintiff, presently an inmate at Northern State Prison in Newark, New Jersey, filed the above-captioned Complaint on July 25, 2005, against MacFarland, the Administrator of South Woods State Prison ("South Woods"), and Eric Smith ("Smith"), formerly a prison guard at South Woods. Plaintiff, who is confined to a wheelchair, alleges that Defendant Smith ridiculed his disability and physically assaulted him.

Specifically, Plaintiff claims that he was stopped for a search by Defendant Smith while entering the gymnasium on

December 14, 2004. Smith ordered Plaintiff to stand up from his wheelchair and walk through the metal detector, stating that "cripples are not so different," while another nearby officer laughed without interfering. Plaintiff alleges that he told Smith "he didn't see anything funny about his condition of being confined to a wheelchair, which Smith took as being in a sassy manner." (Compl. ¶ 9.) Smith instructed Plaintiff to remain after gym period and told Plaintiff that he was going to "slap the shit" out of him. (Comp. ¶ 9.) Approximately an hour later, Smith followed Plaintiff back to his unit and punched Plaintiff on his face and chest, spit on him, threw a can of cleanser at him, and called him a "cripple nigger." (Compl. ¶ 13.)

As provided by the prison's grievance policy, Smith filed an Inmate Request Form on January 9, 2005, stating:

> On 12-14-04 I was assaulted by Officer Smith, I was spit on, smacked in the face, and was hit in the chest with a ajax can. I'm restricted to a wheelchair and was called a cripple Nigger [and] told my mother must be a cripple to [sic]. When will I be seen to press criminal charges against this officer. I know he was moved to southern state.

(MacFarland Aff., filed Feb. 3, 2006, Ex. B.)

Plaintiff subsequently filed suit against MacFarland and Smith on July 25, 2005, alleging that the incident violated his constitutional rights. MacFarland now moves for dismissal of the claims against her on the grounds that (1) Plaintiff failed to exhaust his administrative remedies as required by the Prison

2

Litigation Reform Act; (2) the claims against MacFarland in her official capacity are barred by the Eleventh Amendment; (3) MacFarland in her official capacity is not a person for the purposes of 42 U.S.C. § 1983; (4) a claim for vicarious liability cannot be sustained under 42 U.S.C. § 1983; (5) MacFarland did not act with deliberate indifference in failing to protect Plaintiff's health and safety; (6) MacFarland is entitled to qualified immunity; and (7) Plaintiff's demand for injunctive relief is moot.[1]

## II.  Standard

A motion to dismiss for failure to exhaust administrative remedies is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). However, once the parties go "beyond the face of the pleadings" to establish whether the administrative remedies have been exhausted, courts should treat the issue "in a manner consistent with Rule 56 for summary judgment." Id.

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317,

---

[1] Because the Court now finds, as provided below, that Plaintiff has failed to exhaust his administrative remedies with regard to his claims against MacFarland, the Court will not reach MacFarland's additional arguments.

330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Serbin, 96 F.3d at 69 n.2 (quoting Celotex, 477 U.S. at 322); Heffron v. Adamar of New Jersey, Inc., 270 F. Supp. 2d 562, 568-69 (D.N.J. 2003). "If the

non-movant's evidence on any essential element of the claims asserted is merely 'colorable' or is 'not significantly probative,' the court must enter summary judgment in favor of the moving party." Heffron, 270 F. Supp. 2d at 69 (citing Anderson, 477 U.S. at 249-50).

Lastly, although Plaintiff has not opposed Defendant's motion, a district court may not grant a motion for summary judgment without examining the merits, solely on the basis that it is unopposed. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (citing Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168 (3d Cir. 1990)).

### III. Analysis

Plaintiff's Complaint alleges that MacFarland "was responsible for adequately training and disciplining Smith, but she failed to do so, after other reported incidents of assault by Smith against other inmates." (Compl. ¶ 14.) Plaintiff also claims that "Defendant MacFarland failed to protect Plaintiff from Smith, who she knew had been accused of assaulting other African American prisoners and making racial epithets towards them." (Compl. ¶ 20.) Plaintiff alleges further that "MacFarland fostered a climate of tolerance of prisoner abuse by ignoring the complaints, and thereby encouraged Defendant Smith to do what he did to Plaintiff." (Compl. ¶ 20.) MacFarland requests dismissal of Plaintiff's claims against her for failure to comply with the

5

mandatory procedures set forth in the prison handbook.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), codified as 42 U.S.C. § 1997e, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (holding that the failure to "properly" exhaust administrative remedies under the PLRA constitutes a procedural default).[2] The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Spruill, 372 F.3d at 230. With the requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 227.

The exhaustion requirement's broad scope indicates that it "applies to all federal claims brought by any inmate," including

---

[2] Specifically, section 803(d) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

claims related to specific incidents and claims of ongoing conditions. Porter v. Nussle, 534 U.S. 516, 520, 532 (2002). Claims requiring exhaustion include allegations of discrimination, Jones v. Maher, 131 Fed. Appx. 813, 815 (3d Cir. 2005), and physical attacks by officers or other inmates, Dempsky v. Walker, 420 F. Supp. 2d 370 (D.N.J. 2006). Additionally, the plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit. Nussle, 534 U.S. at 524. Grievance procedures set forth in an inmate handbook constitute such a remedy, even if they are not formally adopted by any state administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1348, 1349 (3d Cir. 2002).

The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted. Camino v. Scott, 2006 WL 1644707, *4 (D.N.J. 2006) (citing Nyhuis, 204 F.3d at 67; Spruill, 372 F.3d at 232). Failure to exhaust remedies mandates dismissal of the inmate's claim. Booth v. Churner, 532 U.S. 731, 739 (2001); Ahmed v. Sromovski, 103 F. Supp.2d 838, 843 (E.D.Pa. 2000); Wilkins v. Bittenbender, Slip Copy, 2006 WL 860140 (M.D. Pa. 2006).

In this instance, the South Woods State Prison Inmate Handbook ("Handbook") establishes a formalized grievance

procedure utilizing an Inmate Request Tracking System "to provide a direct and confidential route for inmates to make the Administration aware of their problems and concerns [and] allow the Administration to effect timely and appropriate responses to these problems and concerns." (Handbook, MacFarland Aff., filed Feb. 3, 2006, Ex. A.) The Handbook instructs inmates to complete Inmate Request Forms, Interview Request Forms, and Administrative Remedy Forms and place the forms in labeled drop boxes in their housing units.

Plaintiff here filed only a single Inmate Request Form regarding the incident with Defendant Smith, on January 9, 2005. On this form, Plaintiff describes the events of December 14, 2004, but neither mentions Defendant MacFarland nor alleges a history of violence by Smith or a failure to train and discipline misbehaving officers. (MacFarland Aff., filed Feb. 3, 2006, Ex. B.)

Plaintiff's failure to indicate a claim against any individual besides Smith precludes his suit against MacFarland. Whether each individual defendant need be named in the administrative proceedings is dependent on the requirement of the prison grievance procedures. Spruill, 372 F.3d 218, 231 (3d Cir. 2004); Freeman v. Inch, 2005 WL 1154407, *5 (M.D. Pa. 2005). Consequently, a prisoner plaintiff may exhaust his remedies against a defendant even if he does not explicitly name that

8

defendant in administrative grievance forms. Freeman, 2005 WL 1154407, *5 ("While Plaintiff did not name Frimpong, he was not asked to, and instead provided a description of the events, along with details about the type of employees he was concerned with, and even specified when they were on duty to allow the prison to identify them and thus his complaint was not limited to Inch.").

In this instance, however, Plaintiff's Inmate Request Form provides absolutely no indication that he had a complaint against any individual besides Smith. Plaintiff therefore did not satisfy the Handbook's requirement that he put the prison administration on notice sufficient to "allow the Administration to effect timely and appropriate responses to [] problems and concerns" related to his claims against MacFarland. (Handbook, MacFarland Aff., Ex. A.) Consequently, Plaintiff did not pursue the requisite administrative remedies against MacFarland and his claims against her cannot proceed.

Moreover, the inmate grievance program at South Woods State Prison is a four step process. (MacFarland Aff. at ¶ 4.) Plaintiff satisfied the first step of the procedure by filing an Inmate Request Form. However, Plaintiff never filed an Interview Request Form, an Administrative Remedy Form, or an Appeal of an Administrative Remedy Form. (MacFarland Aff., filed Feb. 3, 2006, Ex. B.) These steps are required by the Handbook. (Handbook, MacFarland Aff., Ex. C., at 96.) All evidence on record thus

9

indicates that Plaintiff failed to pursue his claim to the full extent of the prison grievance procedure and has not satisfied the exhaustion requirement. Plaintiff provides no evidence to the contrary.

Accordingly, Plaintiff's claims against Defendant MacFarland will be dismissed for failure to exhaust administrative remedies pursuant to the PLRA.

The accompanying Order shall enter today.

Dated: 8-29-06                s/ Robert B. Kugler
                              ROBERT B. KUGLER
                              United States District Judge